UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| JAMIE GOSS, | ) | C/A No.   4:14-cv-1299-MGL-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| JOSEPH MCFADDEN, WARDEN | ) | |
| LIEBER CORRECTIONAL INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |

_____)

Petitioner, Jamie Goss (Petitioner/Goss), is currently incarcerated at Liber Correctional Institution. Petitioner appearing *pro se*, filed his petition for a  writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on April 10, 2014. Respondent filed a motion for summary judgment on September 17, 2014, along with a return, supporting memorandum, and exhibits. (Docs. #25 and #26). The undersigned issued an order filed September 30, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #27). Petitioner filed a response on November 19, 2014. Respondent filed a reply on December 4, 2014.

It is recommended that Respondent's motion for summary judgment be granted and this action be dismissed as barred by the statute of limitations. However, the procedural history is set forth for reference purposes.

_____

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been disputed by the Petitioner. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is currently confined at the Lieber Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Horry County. Petitioner was indicted by the Horry County Grand Jury during the November 2006 Term of the Horry County Court of General Sessions for one count of Trafficking Cocaine Base (2006-GS -26-4735). (App. 203, Attachment No. 2). Petitioner was represented by Orrie E. West, Esquire, Public Defender for Horry County. (App. 1-127). The State was represented by Assistant Solicitor Scott R. Hixson of the Fifteenth Judicial Circuit's Solicitor's Office. Id.

On February 12-13, 2007, Petitioner was tried by a jury on the charge before the Honorable Edward B. Cottingham, Circuit Court Judge. Id. On February 13, 2007, Petitioner was convicted of trafficking cocaine base. (App.120-21). Judge Cottingham sentenced Petitioner to twenty-eight years confinement and required that he pay a fine of $50,000. (App. 124, 204).

After Petitioner was convicted, he moved for a new trial. (See App. 128-138,Attachment No. 3). In the motion, Petitioner asserted that he was not the one driving the van, and he identified who was driving the van. (Attachment No. 3). Petitioner also submitted affidavits from two witnesses who indicated Petitioner was at the apartment complex on the evening of the arrest. (Attachment No. 3). A hearing on the motion for a new trial was heard by Judge Cottingham on March 23, 2007. (App. 128-38). Petitioner was not present, but he was represented by William Isaac Diggs, Esquire. Id. The State was represented by Assistant Solicitor Hixson. Id. The trial court denied the motion

2

for a new trial at the hearing. (App. 136-37). The trial court also filed an order denying the Motion on April 10, 2007. (Attachment No. 4).

## DIRECT APPEAL

Petitioner timely served and filed a Notice of Appeal on February 14, 2007. (Attachment No.5). On appeal, Petitioner was represented by Kathrine H. Hudgins, Esquire, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. (See Attachment No. 6). Petitioner's appeal was perfected with the filing of a Final Anders Brief of Appellant. ( Attachment No. 6). In the Final Anders Brief, counsel raised two arguments. First, she asserted the judge erred in refusing to suppress testimony about the "wallpaper" on a cell phone found in the vehicle next to the drugs and allegedly displaying a photograph of the defendant, when the cell phone was not preserved as evidence. Second, she argued the judge erred in refusing to specifically rule on whether affidavits submitted post trial constitute evidence warranting a new trial.

On December 22, 2009, the South Carolina Court of Appeals dismissed Petitioner's appeal. The Remittitur was issued on January 7, 2010. (Attachment No.9).

## FIRST PCR

On October 26, 2010, Petitioner filed an Application for Post-Conviction Relief (PCR), asserting there was a U.S. Constitutional violation of the 6th Amendment, lack of probable cause determination, and lack of evidence to support his conviction. (App. 141-46, Attachment No. 10). Specifically, Petitioner asserted that his counsel's performance was deficient and below the standard. (App.143). Second, Petitioner argued no physical evidence was in the record for probable cause for

the driving violation. Specifically, he contended there was no documentation, summons, ticket, arrest warrant, or videotape. Id. Third, Petitioner stated that because of the lack of documentation, there was no evidence that conclusively put Petitioner in the car. Id.  The State served its Return on December 23, 2010. (App.147-50, Attachment No.11).

An evidentiary hearing in the action was convened on November 7, 2011, before the Honorable Larry B. Hyman, Circuit Court Judge. (App.151-92). On December 16, 2011, the PCR Court filed its Order of Dismissal. (App. 193-202). In conclusion, the PCR Court found that Petitioner failed to meet his burden of proof as to any of his claims. (App. 201). Therefore, the Application for post-conviction relief was denied and dismissed with prejudice for failure to meet the burden of proof under Strickland v. Washington , 466 U.S. 668 (1984), and Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). (App. 201-02).


**PCR APPEAL**

Petitioner served and filed a notice of appeal on or around February 1, 2012. (Attachment No.

12). On appeal, Petitioner was represented by Robert M. Pachak, Appellate Defender with the Commission on Indigent Defense, Division of Appellate Defense. (See Attachment No. 17). Petitioner's appeal to the denial of relief from the PCR Court was perfected with the filing of a Johnson Petition of Writ of Certiorari. (Attachment No. 17). Petitioner also filed a pro se response to the Johnson Petition. (Attachment No.19). By Order filed August 22, 2013, the South Carolina Supreme Court denied the Johnson Petition for Wriht of Certiorari and granted counsel's request to withdraw.  (Attachment No. 20). The Remittitur was issued on September 9, 2013. (Attachment No.

4

21).

## SECOND PCR

Petitioner filed a second PCR application on March 15, 2013. (2013-CP-26-1582), asserting that the United States Supreme Court decision in Martinez v. Ryan called into question the legitimacy of a procedural default where trial counsel's failure to protect Petitioner's Constitutional rights resulted in ineffective assistance of trial counsel, being neglected by or abandoned by counsel at Petitioner's initial post-conviction relief proceeding. (Attachment No. 22).

The PCR court filed a Conditional Order of Dismissal on August 20, 2013. (Attachment No. 25). On January 7, 2014, the PCR Court filed its Final Order of Dismissal. (Attachment No. 27). In the Final Order of Dismissal, the PCR Court noted the matter came before it pursuant to an Application for Post-Conviction Relief (PCR) filed March 15, 2013. Respondent made its Return and Motion to Dismiss on or about May 16, 2013, requesting the application be summarily dismissed as untimely and successive. Petitioner failed to respond to the conditional order. The PCR Court stated it had reviewed the original pleadings and found Petitioner had not shown a sufficient reason why the application was not untimely and successive and why the conditional order should not become final. Therefore, the court's Conditional Order of Dismissal became final and the PCR application was dismissed as successive and untimely.

## PETITIONER'S  GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds, quoted verbatim:

5

GROUND ONE:    Actual Innocence of Trafficking Crack Cocanie-Violation of Petitioner's Sixth and Fourteenth Amendment Rights of the U.S. Constitution,

GROUND TWO:    The trial court erred in admitting the uncorroborated testimony of Ofc. Truex that the cell phone allegedly displaying photograph of Petitioner, found next to crack cocaine in the vehicle where cell phone was not preserved as evidence violated Petitioner's 14th Amendment right to a fair trial and Six Amendment right to a fair trial.

GROUND THREE:    The trial court erred in refusing to spicifically rule on whether affidavits Submitted post trial Contituted evdence Warrating a new trial thus violating Petitioners 14 Amendment and 16 Amendment right to a Fair Trial.

GROUNG FOUR:    Trail Counsel was ineffective for failing to investigate Petitioner's case in violation of Petitioner right to effective assistance of counsel as guaranteed by 6 and 14 Amendments to the U.S. Constitution.

Claim Raised in Amendment

GROUND ONE:    Counsel was clearly ineffective in not investigating applicant case. Through counsels own testimony these facts are clear.

(Petition).

## SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor

can the court  assume the existence of a genuine issue of material fact where none exists.   If none

can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary

judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to

judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Summary judgment is proper if the non-moving party fails to establish an essential element of any

cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317.

Once the moving party has brought into question whether there is a genuine dispute for trial on a

material element of the non-moving party's claims, the non-moving party bears the burden of

coming forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e);

Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-

moving party must come forward with enough evidence, beyond a mere scintilla, upon which the

fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48

(1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable

to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the

non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to

defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir.

1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would

apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere

allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper

summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule

56(c), except the mere pleadings themselves).  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.


## DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent argues that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The applicable law is as follows: The AEDPA became effective on April 24, 1996.  The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.  One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2]  Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of

---

[3] Prior to this amendment there was no statute of limitations.  Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing.  Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner was found guilty in state court on February 13, 2007. Petitioner filed a direct appeal which was dismissed by the South Carolina Court of Appeals on December 22, 2009.[3]  To pursue review with the South Carolina Supreme Court by petitioning for a writ of certiorari, Petitioner was required to first petition the Court of Appeals for rehearing. See Rule 242(c), SCACR (stating "[a] decision of the Court of Appeals is not final for the purpose of review by the Supreme Court until the petition for rehearing or reinstatement has

---

[3] The Petitioner is not entitled to toll the ninety (90) days to seek certiorari review from the United States Supreme Court since he did not seek review from the South Carolina Supreme Court. See Pfeil v. Everett, 9 Fed.Appx. 973, 977(10th Cir.2001); Reddock v. Ozmit, No. 09–204, 2010 WL 568870 at ——3–5 (D.S.C. Feb.11, 2010); Anderson v. Warden of Evans Correctional Institution, No. 10–987, 2010 WL 5691646 (D.S.C. Sept.7, 2010); Martino v. Cartledge, No. 09–527, 2010 WL 569093 (D.S.C. Jan 4, 2010); Hammond v. Hagan, No. 07–1081, 2008 WL 2922860 (D.S.C. July 24, 2008).

been acted on by the Court of Appeals ."). Because Petitioner did not file a Petition for Rehearing, his convictions would have become final fifteen days after the Court of Appeals filed its opinion. See Rule 221(a), SCACR (stating "[p]etitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court."). Petitioner's conviction became final on January 7, 2010. Petitioner had one year from this date to file his federal habeas corpus action unless the period was at any time tolled. See, e.g., Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998).  Petitioner filed his PCR application on October 26, 2010.  Therefore, two hundred ninety-two (292) days elapsed between the conviction becoming final and the time the PCR was filed. Petitioner filed a writ of certiorari appealing his PCR decision. The appeal was denied by the South Carolina Supreme Court with the Remittiur being issued on September 9, 2013. The statute of limitations began to run again. Petitioner did not file his federal habeas petition until April 10, 2014, with a Houston v. Lack, supra, delivery date of April 7, 2014. However, even using the date of April 7, 2014, the instant petition is time-barred and should be dismissed.[4]

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d).  In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris'

_____

[4] Petitioner's second PCR application which was dismissed as untimely and successive did not toll the statute of limitations as it was not "properly filed." See 28 U.S.C. 2244(d)(2).

10

> application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

The United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2552–2554, 2560–2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir.2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (0 Cir.2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y.2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir.2000); Marengo, 342 F.Supp.2d at 230. "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 [" 'Petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."] (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

In his response in opposition to the motion for summary judgment, Petitioner argues that his petition is not time barred. Petitioner asserts that his second PCR action was properly filed to toll the statute of limitations. Further, Petitioner argues that he previously filed a federal habeas petition

that was dismissed without prejudice[5] for failure to pay the filing fee. Therefore, Petitioner argues that "the time limits revert back to the date of the original filing of the first habeas Corpus Petition." (Doc. #36, p. 6).

Respondent replied that the second PCR application did not toll the statute of limitations as it was dismissed as successive and untimely. Additionally, Respondent argues that Petitioner's first federal habeas petition did not toll the statute of limitations relying on Duncan v. Walker, 533 U.S. 167, 181-82 (2001)("[A]n application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first habeas petition.").

Petitioner's argument that the second PCR action tolled the limitations period is without merit. Petitioner's second PCR application which was dismissed as untimely and successive did not toll the statute of limitations as it was not "properly filed." See 28 U.S.C. 2244(d)(2). Additionally, Petitioner's argument that the date "reverts back" to the filing date of his original petition that was dismissed without prejudice[6] need not be addressed here. Even if the court considered the filing date of the first federal habeas petition of December 10, 2013, with a Houston v. Lack, supra, delivery date of December 6, 2013, the petition would still be untimely. After the appeal of Petitioner's PCR application concluded on August 22, 2013, he had seventy-three (73) days to file the federal habeas petition. Even using the Remittitur date from the South Carolina Supreme Court of September 9,

---

[5] See 4:13-cv-03427-MGL.

[6] By the first petition being dismissed without prejudice for failure to comply with the court's proper form order, the filing of a second petition would not be considered successive.

2013, the time still expired as at least eighty-eight (88) days lapsed between the conclusion of the PCR and the filing of the first habeas petition. There is no evidence that warrants equitable tolling. Petitioner has not demonstrated that he pursued his rights diligently or that some extraordinary circumstances stood in his way to prevent him from timely filing his federal habeas petition. Therefore, the petition should be dismissed as barred by the statute of limitations, and Respondent's motion for summary judgment should be granted.

## <u>CONCLUSION</u>

Based on the above, it is RECOMMENDED that the Respondent's motion for summary judgment (document #26) be GRANTED in its ENTIRETY, and the petition dismissed with prejudice without an evidentiary hearing as barred by the statute of limitations.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III

December 9, 2014                                United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**